IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, a non-profit corporation; OREGON CENTER FOR ENVIRONMENTAL HEALTH, a non-profit corporation; and SIERRA CLUB, a non-profit corporation, | ) ) ) ) ) ) ) | Civil No. 04-1727-JE<br><br>ORDER |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| OWENS CORNING CORPORATION, | ) ) | |
| Defendant. | ) ) | |

JELDERKS, Magistrate Judge:

    Plaintiffs' Motion (#72) to Compel is denied, with leave to renew individual requests for production later if warranted.

    Regarding Requests for Production ("RFP") 34, 35 and 36, Plaintiffs have not shown the information requested is necessary given the extensive information already publicly

ORDER - 1

available.  This request for financial information also presumes that Defendant will be found liable on the merits, and subject to civil penalties.  That is premature.  The court (and parties) contemplate a bifurcated proceeding, in which liability will be determined first with penalties, if any, addressed in a subsequent phase.

RFPs 21, 37, 42, 43, 49 and 50 are premised upon the assumption that, as a result of a violation (which has yet to be established), Defendant avoided or delayed certain costs and gained an illegal competitive advantage.  The court questions how that can be so when the Gresham plant has yet to be placed in service.  If anything, Defendant's profits and market position seemingly were harmed by the delay in completing construction and commencing operations.  In any event, the penalty issue is premature when liability has not been established.  Plaintiffs also speculate that Defendant intends to complete construction and commence operations in violation of the Clean Air Act.  Discovery pertaining to penalties for speculative future violations is likewise premature.

RFPs 39 and 40 seek documents relating to the market for extruded polystyrene insulation board ("EPIB"), Defendant's anticipated market share, and "all documentation regarding the necessity or desirability of establishing or expanding a West Coast or Pacific export polystyrene insulation manufacturing

ORDER - 2

facility."  This has little or no bearing on the liability issues before the court.  To the extent Plaintiffs contend these RFPs include information regarding the length of time finished boards will be stored on site, which allegedly affects total emission levels from the plant, Defendant has agreed to provide such information in response to a narrowly-targeted RFP or interrogatory.

RFPs 46, 47, and 48 seek all documents relating to Defendant's projected cost of production, sales price, and profits per square foot of EPIB.  These requests are far broader than necessary to estimate how much product Defendant expects to produce, the quantity of raw materials that would be consumed, and the resulting emission levels.

**Defendant's Motion for Protective Order**

Defendant's Motion (#46) for Protective Order is denied. The documents at issue pertain to emission levels at other Owens Corning facilities manufacturing this product.  Such documents are clearly relevant to projecting emission levels at the proposed facility in Gresham.

Defendant argues that these documents are technically outside the scope of 42 U.S.C. 7414(c) and its enabling regulations, including 40 C.F.R. § 2.301(a)(2).  I question that contention.  Data is "emission data" regardless of whether Defendant actually reported it to the government, or was merely supposed to report it but failed to do so.

ORDER - 3

Defendant cannot be permitted to profit from its own failure, if any, to comply with the reporting rules.  Defendant also reportedly chose to utilize certain data as proxies in lieu of monitoring and reporting actual emissions.  Such information is equivalent to emission data.  Defendant can hardly object to disclosure when it chose to proffer that data as a surrogate for monitoring and reporting actual emissions.

In any event, it is not necessary to decide, to a legal certainty, whether § 7414(c) mandates disclosure of these documents.  Although § 7414(c) mandates disclosure of certain information, the opposite is not true.  Section 7414(c) does not exempt from disclosure all information falling outside its bounds.  Rather, if § 7414(c) does not apply, then the court must apply the policies established by the Federal Rules of Civil Procedure and case law interpreting the discovery rules.

A party seeking to prevent public disclosure of discovery materials has the burden of establishing that specific prejudice or harm will result if a protective order is not granted.  <u>Phillips v. Estates of Byrd</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  Documents may be sealed only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."  <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995).  The interest of the litigant seeking to seal the document must be weighed against

any public interest in the information and in public access to all judicial proceedings.

The public interest strongly favors public disclosure of information concerning emission levels at a proposed manufacturing facility in the densely populated Portland metropolitan area. In addition, proceedings in this matter would be complicated if information central to the case had to be kept secret. The public and press might have to be barred from any hearings or trials, and key documents would need to be filed under seal. Even the court's own opinions might have to be censored. The public interest generally favors a candid discussion of the evidence and of the merits of cases, not closed proceedings and decisions cloaked in secrecy. The countervailing interest articulated by Defendant appears to be a result in search of a rationale. I am not convinced that Defendant will suffer serious harm, at least not of the sort the discovery rules endeavor to prevent, if the public or Defendant's competitors learn how much or how little Defendant pollutes.

## Conclusion

Plaintiffs' Motion (#72) to Compel is denied, with leave to renew individual requests for production later if

warranted.  Defendant's Motion (#46) for Protective Order is denied.

DATED this 14th day of November, 2005.

/s/   John Jelderks
John Jelderks
U.S. Magistrate Judge

ORDER - 6